1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   AMINA SALVADOR,                          Civil No.      12cv1855 LAB (JMA)
     Detainee No. A200968077,
12
                                    Plaintiff,  **ORDER:**
13
                                                **(1)  GRANTING MOTION TO**
14                                              **PROCEED** *IN FORMA PAUPERIS*
                       vs.                      **[ECF No. 2];**
15
                                                **(2)   DENYING MOTION TO**
16                                              **APPOINT COUNSEL [ECF No. 3]; and**
     ALVARADO PARKWAY HOSPITAL,
17                                              **(3)  SUA SPONTE DISMISSING**
                                                **COMPLAINT FOR FAILING**
18                                  Defendant.  **TO STATE A CLAIM AND AS**
                                                **FRIVOLOUS**
19

20

21          Amina Salvador  ("Plaintiff"), currently detained at the San Diego Correctional Facility

22   located in San Diego, California, and proceeding pro se, has filed a civil action.  Plaintiff has not

23   prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, she has filed a Motion to

24   Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2], along with

25   a Motion to Appoint Counsel [ECF No. 3].

26   / / /

27   / / /

28   / / /

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Under this definition, "an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA," because deportation proceedings are civil, rather than criminal in nature, and an alien detained pending deportation has not necessarily been "accused of, convicted of, sentenced or adjudicated delinquent for, a violation of criminal law." *Agyeman*, 296 F.3d at 886. Thus, because Plaintiff claims she was civilly detained pursuant to immigration or deportation proceedings, and not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to her.

Accordingly, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, *see* S.D. CAL. CIVLR 3.2(d), finds it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action, and hereby **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

/ / /

/ / /

/ / /

## II.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also requests the appointment of counsel to assist her in prosecuting this civil action.  The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose her physical liberty if she loses the litigation.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons.  This discretion may be exercised only under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a decision."  *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice because, for the reasons set forth below, neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.  *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").  "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the

1    plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*,

2    152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of

3    Civil Procedure 12(b)(6).").

4        Plaintiff's Complaint contains a number of rambling and incoherent allegations.  Plaintiff

5    alleges that she was held at Alvarado Parkway Hospital for three days "against [her] will."

6    (Compl. at 2.)  Most of Plaintiff's Complaint contains statements that appear to be delusional.

7    Plaintiff alleges that there is a "contract killing" on her life and the hospital staff had a

8    "conspiracy to attempt aggravated murder and rape." (*Id.* at 3.)  A complaint is frivolous "where

9    it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

10   Here, the Court finds Plaintiff's claims to be frivolous because they lack even "an arguable basis

11   either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S.

12   at 325, 328.  Thus, the Court dismisses the entirety of Plaintiff's Complaint as frivolous.

13       To the extent that  Plaintiff may be alleging facts relating to her detainment in a Federal

14   Immigration center and she may be trying to claim violation of her civil rights by federal actors,

15   the Court also construes this matter as arising under *Bivens v. Six Unknown Named Fed.*

16   *Narcotics Agents*, 403 U.S. 388 (1971).  *Bivens* established that "compensable injury to a

17   constitutionally protected interest [by federal officials alleged to have acted under color of

18   federal law] could be vindicated by a suit for damages invoking the general federal question

19   jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S.

20   478, 486 (1978).  "Actions under § 1983 and those under *Bivens* are identical save for the

21   replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*,

22   940 F.2d 406, 409 (9th Cir. 1991).

23        To state a private cause of action under *Bivens*, Plaintiff must allege:  (1) that a right

24   secured by the Constitution of the United States was violated, and (2) that the violation was

25   committed by a federal actor. *Id.; Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624

26   (9th Cir. 1988).  *Bivens* provides that "federal courts have the inherent authority to award

27   damages against federal officials to compensate plaintiffs for violations of their constitutional

28   rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000).

However, a *Bivens* action may only be brought against the responsible federal official in his or her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Daly- Murphy*, 837 F.2d at 355.

Nor does *Bivens* provide a remedy for alleged wrongs committed by a private entity alleged to have denied Plaintiff's constitutional rights under color of federal law. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("'[T]he purpose of *Bivens* is to deter *the officer*,' not the agency.") (quoting *Meyer*, 510 U.S. at 485); *Malesko*, 534 U.S. at 66 n.2 (holding that *Meyer* "forecloses the extension of *Bivens* to private entities.").

Based on the factual allegations set forth above, the Court simply cannot determine the true nature of her allegations or whether she is attempting to state a claim under the federal law. Some of Plaintiff's allegations suggest that she is attempting to allege an Eighth Amendment violation. However, the Supreme Court recently held that an inmate cannot bring a *Bivens* action against an employee of a private entity for damages pursuant to alleged Eighth Amendment violations. *See Minneci v. Pollard*, 132 S.Ct. 617, 626 (2012).

In *Minneci*, the Supreme Court held that

> [W]here "a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case."

> *Id.*

Thus, while Plaintiff may be able to raise her Eighth Amendment claims against the private employees as a tort claim in state court, her claim is not cognizable as a *Bivens* action in this Court.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal question jurisdiction exists over "civil actions arising

1  under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Because

2  Plaintiff's Complaint does not comply with § 1331, there is no subject matter jurisdiction.

3       For all the reasons set forth above, Plaintiff's entire action is dismissed as frivolous,  for

4  failing to state a claim upon which relief may be granted and for lack of subject matter

5  jurisdiction.

6                                            **IV.**

7                              **CONCLUSION AND ORDER**

8       Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

9       1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is

10 **GRANTED**.

11      2.    Plaintiff's Motion to Appoint Counsel [ECF No. 3] is **DENIED** without prejudice.

12      **IT IS FURTHER ORDERED** that:

13      3.    Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.

14 § 1915(e)(2)(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this

15 Order is filed in which to file a First Amended Complaint which cures the deficiencies of

16 pleading noted above.   Plaintiff's Amended Complaint must be complete in itself without

17 reference to the superseded pleading.  *See* S.D. CAL. CIVLR 15.1.  Defendants not named and

18 any claim not re-alleged in the Amended Complaint will be considered waived.  *See King v.*

19 *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).   If Plaintiff fails to file an Amended Complaint

20 within 45 days, this case shall remain dismissed for failing to state a claim pursuant to 28 U.S.C.

21 § 1915(e)(2).

22

23 DATED:  August 9, 2012

24

25                                  **HONORABLE LARRY ALAN BURNS**
                                        United States District Judge

26

27

28